THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FASTCASE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case 1:16-cv-00327-TCB |
| v. ) | |
| ) | **AMENDED COMPLAINT** |
| LAWRITER LLC, ) | **FOR DECLARATORY** |
| dba CASEMAKER ) | **JUDGMENT** |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Fastcase, Inc. ("Fastcase") alleges:

1. This is a civil action in which Fastcase seeks declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, preliminary and permanent injunctive relief, and other necessary and proper relief, enjoining Defendant Lawriter, LLC ("Defendant" or "Lawriter") from acting in such a manner as to impede Fastcase's publication of (a) the Georgia Administrative Rules and Regulations (the "Georgia Regulations") or (b) any other state or federal laws, rules or regulations. The Georgia Regulations are binding law – a broad-ranging collection of rules and regulations governing areas from consumer protection to banking to elections. The Georgia Regulations are promulgated by public agencies of the State of Georgia,

1

and published for the benefit of the public by the Georgia Secretary of State, as required by O.C.G.A. § 50-13-7.

2. Defendant Lawriter purports to have exclusive rights to publish the Georgia Regulations. Consistent with this claim of exclusive rights, Lawriter has sent Plaintiff Fastcase a demand that Fastcase remove the Georgia Regulations from its legal research service, which is provided as a free member benefit to members of the State Bar of Georgia.

3. The Georgia Regulations are public law published under statutory mandate, and are in the public domain. Defendant cannot claim any exclusive right in, to, or in connection with the Georgia Regulations.

4. Thus, Fastcase seeks declaratory judgment that Lawriter has no basis from which to prohibit Fastcase from publishing the Georgia Regulations in its subscription legal research service.

5. Defendant Lawriter also claims to have a copyright interest in the State of Ohio Laws and Rules. Fastcase is under a perpetual and imminent threat that Lawriter may issue a similar demand that Fasctcase remove Ohio laws and rules.

6. Fastcase is not now aware of how many other states' laws, rules and regulations are subject to claims by Lawriter of any form of exclusive right. The

principles of federal copyright law that apply to Georgia and Ohio should apply to protect Fastcase from similar threats with regard to the laws, rules or regulations of any other States.

## PARTIES

7. Fastcase is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in Washington, District of Columbia. As such, Fastcase is a citizen of the State of Delaware and the District of Columbia for purposes of assessing diversity jurisdiction.

8. Defendant is a limited liability company whose principal place of business is in the State of Virginia. On information and belief, Defendant is a citizen of Virginia for purposes of assessing diversity jurisdiction.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*; Article I, § 8, cl. 8 of the U.S. Constitution); and § 1338 (exclusive original jurisdiction over claims arising under the Copyright Act). While Defendant has not identified any specific legal basis for its claim that Fastcase has violated Defendant's rights in connection with the Georgia

Regulations, Fastcase believes Defendant's allegations arise from a misinterpretation of, and thus would be controlled by, federal copyright law.

10. The Court also may exercise diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. The Parties are diverse because Fastcase is a citizen of Delaware—, while Defendant is believed to be a citizen of Virginia and the amount in controversy exceeds $75,000 because Fastcase has sold, or offered to sell, access to electronic databases including the Georgia Regulations with a cumulative value in excess of $75,000.

11. The Court has personal jurisdiction over Defendant because it systematically conducts its publishing operations, and has availed itself of the privileges of conducting business, in the State of Georgia by licensing use of, as well as offering to sell and selling subscriptions to use, Georgia Regulations to citizens of the State of Georgia. Defendant also has negotiated, entered into, and executed in the State of Georgia, a contractual or business relationship with the Secretary of State of Georgia government to publish the Georgia Regulations.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District, including Defendant's negotiation, entry into, and execution of, Defendant's contractual and business arrangement with the State of Georgia

government in this District to publish, and to offer and sell access to, the Georgia Regulations to Georgia residents located in this District.

13. Venue is also proper under 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction in this District, as alleged in Paragraph 11 of this Amended Complaint.

## FACTUAL ALLEGATIONS

### *Fastcase's and Defendant's Business Operations*

14. Fastcase is a legal research service that provides online access to searchable databases of public law, including federal and state statutes (all 50 states and the District of Columbia), administrative rules and regulations such as the Georgia Regulations, and judicial decisions, as well as to secondary sources in many states, including Ohio.

15. Fastcase is available by subscription to lawyers and law firms, as well as a member benefit paid for by state bar associations and provided as a free benefit to state bar members. Fastcase is available as a free benefit to members of the State Bar of Georgia.

16. Defendant Lawriter is a competing for-profit, subscription legal research service that similarly offers searchable access to cases, statutes, and other primary law materials operating under the name Casemaker.

17. Upon information and belief, Lawriter routinely sources its Casemaker legal databases from many state statutory and administrative code sites similar to Georgia Secretary of State's website at issue in its demand letter.

18. According to the Georgia Secretary of State's website, Defendant is also "the designated publisher of the Georgia Rules and Regulations" and "granted sole rights to distribute" the Georgia Regulations. *See* Ga. Sec'y of State, "Rules and Regulations of the State of Georgia," http://rules.sos.ga.gov (last visited Feb. 3, 2016), a printout of which is attached as Exhibit A.

19. According to the Secretary of State, "[t]he Rules and Regulations of the State of Georgia is a compilation of the rules and regulations of state agencies that have been filed with the office of the Secretary of State pursuant to the Georgia Administrative Procedures Act, O.C.G.A.§ 50-13-1 et seq." *Id.*

20. On its website, Defendant similarly represents that it is the "designated publisher of the Georgia Rules and Regulations" and "granted sole rights to the distribution of this data." *See* Casemaker, "Ga. Sec'y of State - Rules & Regs Admin Proc. Div.," http://gasos.casemakerlibra.com/home/index.aspx (last visited Feb. 3, 2016), a printout of which is attached as Exhibit B.

21. Defendant's "Casemaker offers a yearly lease to . . . the continuously updated Rules & Regulations . . . to non-resellers for viewing on [its] site and for

PDF download and printing." *Id. (emphasis added).* "The entire set of rules can be leased as a whole or selectively by department." *Id.*; *see also* Ex. A (instructing viewer to select "Subscribe to the Rules and Regulations of the State of Georgia").

22. Even though Defendant routinely sources its research materials from state websites hosted by private publishers, Defendant would require legal publishers such as Fastcase to pay a fee to access the Georgia Regulations through Defendant's Casemaker website. *Id.*; *see also* Ex. A ("Purchase a PDF version of the [Georgia] Rules & Regs online at www.casemakerlibra.com.").

23. In Ohio, Defendant claims to have a copyright interest in the entire set of state laws and regulations. The official home web page http://codes.ohio.gov (last visited Feb. 15, 2016) bears the header "LAW*riter*® Ohio Laws and Rules," and bears the legend "Copyright © 2008 Lawriter LLC - All rights reserved." *See* Ex. D.

### *Defendant's Demand to Fastcase to Cease and Desist*

24. On December 21, 2015, Lawriter sent Fastcase a Cease and Desist Letter (the "Letter"), asserting that: (a) Defendant is the sole "party authorized to license and/or offer subscriptions to use . . . Electronic Files . . . incorporating the [Georgia Regulations]," and (b) Fastcase's provision of fee-based access to Georgia Regulations, without Lawriter's consent or authorization or a subscription

with Lawriter, violates Lawriter's "legal rights." Letter from Thomas E. Epting, counsel for Defendant, to Ed Walters, CEO of Fastcase (Dec. 21, 2015), a copy of which is attached as Exhibit C.

25. The Letter does not identify any specific legal basis for Defendant's claim of rights. *See id.*

26. Nonetheless, Defendant threatens enforcement of its unspecified "rights," including through the commencement of litigation, unless Fastcase: (a) immediately provides Defendant a written response justifying its right to use Georgia Regulations, (b) purchases from Lawriter a subscription to Georgia Regulations, or (c) ceases use of Georgia Regulations, including provision of fee-based access to Georgia Regulations. *Id.*

## COUNT ONE

## CLAIM FOR DECLARATORY RELIEF

27. Fastcase incorporates by reference the allegations of Paragraphs 1 through 26 of this Complaint.

28. Defendant has asserted, in its demand letter, that it is entitled to certain exclusivity rights with respect to the Georgia Regulations and has demanded that Fastcase comply with its assertion of exclusivity rights. Defendant has also publicly asserted copyright interest in the laws and regulations of the State

of Ohio, and possibly others as well not yet known to Plaintiff.  However, an immediate and justiciable controversy  exists because Fastcase disputes Defendant's claim to these exclusivity rights.

29. Fastcase faces the threat of imminent litigation by Defendant for including the Georgia Regulations, as well as the laws, rules, and regulations of Ohio and of other states, in its member benefit for members of the State Bar of Georgia, as well as in its subscription legal research service.

30. Lawriter, however, cannot claim a valid copyright or an exclusive license to a valid copyright.  It is well established in American law that state laws, including administrative rules and regulations, are not copyrightable, and must remain public as a matter of due process. See Wheaton v. Peters, 33 U.S. (8 Pet.) 591 (1834); Banks v. Manchester, 128 U.S. 244 (1888); Davidson v. Wheelock, 27 F. 61 (C.C.D. Minn. 1866) (publisher can't copyright state statutes, even if state purports to give exclusive publishing rights); Howell v. Miller, 91 F. 129 (6th Cir. 1898) ("no one can obtain the exclusive right to publish the laws of a state") (Harlan, J., sitting by designation); Nash v. Lathrop, 142 Mass. 29, 6 N.E. 559 (Mass. 1886) ("Every citizen is presumed to know the law thus declared, and it needs no argument to show that justice requires that all should have free access to the opinions, and that it is against sound public policy to prevent this, or to

suppress and keep from the earliest knowledge of the public the statutes or the decisions and opinions of the justices."). See generally L. Ray Patterson & Craig Joyce, Monopolizing the Law: The Scope of Copyright Protection for Law Reports and Statutory Compilations, 36 UCLA L. Rev. 719 (1989), and cases cited therein.

31.    Indeed, "[a]s a matter of longstanding public policy, the U.S. Copyright Office will not register a government edict that has been issued by any state, local, or territorial government, including legislative enactments, judicial decisions, administrative rulings, public ordinances, or similar types of official legal materials." *Compendium of U.S. Copyright Office Practices*, Third Edition, Sec. 313.6(C)(2)

32.    Fastcase is informed and believes, and on that basis alleges, that Defendant has not contributed any original authorship to the Georgia Regulations or any compilation of the Georgia Regulations. The rules and regulations included in the Georgia Regulations are promulgated by state agencies for the benefit of the citizens of the state, and all published regulations are included in the Georgia Regulations, as required by the Code of Georgia § 50-13-7. Defendant neither writes regulations for the State of Georgia, nor selects which regulations are worthy of publication in the Georgia Regulations.

33. In addition, any contract between the Secretary of State and the Defendant to publish public law is not enforceable against Fastcase.(O.C.G.A. § 13-3-1 ("To constitute a valid contract, there must be parties able to contract, consideration moving to the contract, the assent of the parties to the terms of the contract and a subject matter upon which the contract can operate.") Fastcase is not a party to the state's contract, and it is not prohibited by any other contract from publishing public law, on a subscription basis or otherwise.

34. In view of the foregoing, Defendant has no legal rights, in copyright or contract, exclusive or otherwise, to restrict publication of the Georgia Regulations, which belong to the people of the State of Georgia.

35. The general principles of copyright law, noted above, also preclude Defendant from obtaining or enforcing any such rights with regard to the laws and regulations of Ohio or of any other state.

36. Accordingly, an actual justiciable controversy exists as to the Parties' respective rights in connection with Georgia Regulations, and with the laws, rules, and regulations of any other State as to which Defendant now claims or might hereafter claim any exclusive right, including the rights to use, license, publish, and distribute such laws, rules, and regulations, and the Defendant's demand under threat of lawsuit that Fastcase cease publication of public law.

37. Accordingly, an actual and justiciable substantial controversy exists between the Parties as to whether Defendant has any protected rights in the Georgia Regulations or in the laws, rules, and regulations of any other State.

38. A determination that the Defendant has no protectable exclusive rights in the Georgia Regulations, or in the laws, rules, and regulations of any other State, in either contract or copyright, would resolve this controversy.

## RELIEF REQUESTED

WHEREFORE, Fastcase respectfully requests the Court enter judgment in its favor and grant Fastcase the following relief:

    A.    Pursuant to 28 U.S.C. § 2201, declarations that:

        1. Defendant does not and cannot have any copyright in the Georgia Regulations, or in the laws, rules, and regulations of any other State; and

        2. Fastcase does not and cannot infringe any exclusive contract rights held by Defendant in the Georgia Regulations, or in the laws, rules, and regulations of any other State;

    B.    Pursuant to 28 U.S.C. § 2202, such other and further relief, at law and in equity, to which Fastcase may be entitled.

Respectfully submitted this 16th day of February 2016.

13

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*/s/ Robert G. Brazier*
Robert G. Brazier   (Georgia Bar No. 078918)
rbrazier@bakerdonelson.com
Steven G. Hall      (Georgia Bar No. 319308)
shall@bakerdonelson.com
Joshua Tropper     (Georgia Bar No. 716790)
jtropper@bakerdonelson.com
*Attorneys for Plaintiff Fastcase, Inc.*

Monarch Plaza, Suite 1600
3414 Peachtree Road N.E.
Atlanta, GA 30326
Telephone   (404) 577-6000
Facsimile    (404) 221-6501