**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**C.A. NO. 1:16-CV-00327-TCB**

| | |
|---|---|
| FASTCASE, INC., ) <br> ) <br> PLAINTIFF/COUNTERCLAIM ) <br> DEFENDANT, ) <br> ) <br> vs. ) <br> ) <br> LAWRITER, LLC d/b/a Casemaker, ) <br> ) <br> DEFENDANT/ ) <br> COUNTERCLAIM PLAINTIFF. ) <br> ) | **ANSWER TO AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM** |

Defendant, Lawriter, LLC d/b/a Casemaker, answering the Amended Complaint of Plaintiff, Fastcase, Inc., and asserting a counterclaim, would respectfully show unto the Court as follows:

## **FOR A FIRST DEFENSE**

1. Each and every allegation not expressly admitted is denied.

2. Defendant admits so much of Paragraph 1 as alleges this is a declaratory judgment action seeking relief, including enjoining Defendant from acting to impede Plaintiff's publication for Plaintiff's commercial purposes of certain administrative rules, regulations and other state law or federal law, rules or regulations. Defendant admits that Georgia Regulations are binding law and are

promulgated by public agencies of the State of Georgia published for the benefit of the public by the Georgia Secretary of State, but denies that Defendant is improperly attempting to impede Plaintiff's publication of said rules and regulations.

3. In response to Paragraph 2, Defendant denies that it purports to have exclusive rights to publish the Georgia Regulations, but admits that it sent Plaintiff a demand that it remove from Plaintiff's site and/or subscription services the Georgia Regulations as improperly downloaded electronic files and data. Defendant does not claim a copyright in the merely statutory text and numbering contained in the content of the site.

4. Defendant admits the allegations of Paragraph 3 of the Amended Complaint and denies that it claimed and/or claims an exclusive right to public law.

5. Paragraph 4 of Plaintiff's Amended Complaint does not require a response by this Defendant; however, to the extent a response is required, the allegations are denied.

6. Defendant denies the allegations of Paragraph 5 of Plaintiff's Amended Complaint, but affirmatively states that Defendant does not claim a copyright in the statutory text and numbering contained in the content of the site.

7. In response to Paragraph 6 of Plaintiff's Amended Complaint, Defendant denies that it claims an exclusive right to publish other states' laws, rules and regulations, but reserves its legal and equitable rights in electronic files it creates and maintains, including without limitation, the right to claim copyright in any copyrightable materials, electronic files, data, source code and/or anything in addition to the statutory text and numbering in the content of the site(s).

8. The allegations of Paragraph 7 of Plaintiff's Amended Complaint are admitted upon information and belief.

9. Defendant admits the allegations of Paragraph 8 of Plaintiff's Amended Complaint.

10. Defendant denies the allegations of Paragraph 9 of Plaintiff's Amended Complaint inasmuch as Defendant is not claiming copyright protection on merely statutory text and numbering in the content of any site(s).

11. Defendant denies the allegations of Paragraph 10 of Plaintiff's Amended Complaint as Plaintiff has improperly aggregated hypothetical values in order to improperly allege the amount in controversy.

12. Defendant denies the allegations of Paragraph 11 of Plaintiff's Amended Complaint inasmuch as Defendant did more than merely "publish" the Georgia Regulations.

13. To the extent that this Court has subject matter jurisdiction over the matter, then Defendant admits the allegations of Paragraphs 12 and 13 of Plaintiff's Complaint.

14. Defendant admits the allegations of Paragraphs 14 and 15 of Plaintiff's Amended Complaint upon information and belief.

15. Defendant admits the allegations of Paragraph 16 of Plaintiff's Amended Complaint.

16. Defendant denies the allegations of Paragraph 17 of Plaintiff's Amended Complaint as alleged.

17. Defendant admits the allegations of Paragraphs 18, 19, and 20

18. Defendant admits the allegations of Paragraphs 21 and 22 of Plaintiff's Amended Complaint insomuch as it is referencing the Georgia Secretary of State website.

19. Defendant denies the allegations of Paragraph 23 of Plaintiff's Amended Complaint as alleged.

20. Defendant admits the allegations of Paragraph 24 of Plaintiff's Amended Complaint.

21. Defendant denies the allegations of Paragraph 25 of Plaintiff's Amended Complaint as alleged.

22. Defendant admits the allegations of Paragraph 26 of Plaintiff's Amended Complaint.

23. Paragraph 27 of Plaintiff's Amended Complaint does not require a response by this Defendant; however, to the extent a response is required, the allegations are denied.

24. In response to Paragraph 28 of Plaintiff's Amended Complaint, Defendant admits that it has asserted entitlement to certain exclusivity right with respect to the Georgia Regulations, in particular the Electronic Files, and had demanded that Plaintiff comply with this assertion of exclusive rights, but denies the remaining allegations of Paragraph 28 of Plaintiff's Amended Complaint and demands strict proof thereof.

25. Defendant denies the allegations of Paragraph 29 of Plaintiff's Amended Complaint.

26. In response to Paragraph 30 of Plaintiff's Amended Complaint, Defendant admits that it does not have and has not asserted entitlement to copyright protection of the merely statutory text and numbering in any site(s), but maintains certain exclusivity rights with respect to electronic files, data, and/or other copyrightable materials on the site(s).

27. Defendant admits the allegations of Paragraph 31 of Plaintiff's Amended Complaint.

28. Defendant denies the allegations of Paragraph 32 of Plaintiff's Amended Complaint.

29. In response to Paragraph 33 of Plaintiff's Amended Complaint, Defendant admits that it is not seeking to enforce its contract with the State of Georgia against Plaintiff, but denies the remaining allegations of Paragraph 33 of Plaintiff's Amended Complaint.

30. Defendant denies the allegations of Paragraphs 34, 35, 36, 37 and 38 and Prayer for Relief of Plaintiff's Amended Complaint and demands strict proof thereof.

**FOR A SECOND DEFENSE**
**(Lack of Subject Matter Jurisdiction- FRCP 12(b)(1))**

31. The preceding responses, not inconsistent herewith, are incorporated by reference as if fully set forth herein.

32. The Complaint of the Plaintiff should be dismissed for failure to properly assert subject matter jurisdiction.

**FOR A THIRD DEFENSE**
**(Failure to State of Claim - FRCP 12(b)(6))**

33. The preceding responses, not inconsistent herewith, are incorporated by reference as if fully set forth herein.

34. The Complaint of the Plaintiff should be dismissed for failure to state facts sufficient to constitute a cause of action.

# FOR A FOURTH DEFENSE
# AND BY WAY OF FIRST COUNTERCLAIM
## (Unjust Enrichment)

35. The preceding responses, not inconsistent herewith, are incorporated by reference as if fully set forth herein.

36. Lawriter is a limited liability company organized and with a principal place of business is in the State of Virginia.

37. Plaintiff /Counter-claim Defendant is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in Washington, District of Columbia.

38. To the extent that this Court has subject matter over the primary claims asserted by the Plaintiff, this Court has ancillary jurisdiction of this counterclaim, which arises out of the same set of facts and circumstances as the primary claim.

39. Lawriter entered into a contract with the Office of the Georgia Secretary of State to be the only authorized distributor of the Georgia Administrative Rules and Regulations in an electronic format ("Contract"). As a part of this Contract, Lawriter aggregates the Georgia Rules and Regulations, encodes them in an HTML format and publishes them on a world-wide web site linked to the Georgia Secretary of State website together with other improvements and/or enhancements.

40. The Contract specifically permits Lawriter to "sell complete copies of the entire set of rules and regulations … at such reasonable prices and terms that Lawriter may determine at its sole discretion."

41. Upon information and belief, Plaintiff/Counterclaim Defendant has made and/or is making complete copies of the entire set of rule and regulations for its own commercial purposes without entering into a subscription agreement with Lawriter, in violation of the terms and conditions of the Georgia Secretary of State website.

42. Upon information and belief, Plaintiff/Counterclaim Defendant has accepted, used and enjoyed, realized and/or resold these complete copies of the entire set of rules and regulations and/or a part thereof to others for a profit.

43. The retention of such benefits would, under the circumstances, make it inequitable for Plaintiff/Counterclaim Defendant to retain the same without paying the value thereof.

44. Under the doctrine of unjust enrichment, Lawriter is entitled to recover against Plaintiff/Counterclaim Defendant, together with interest, costs and disbursements, and attorneys' fees as may be allowed or, in the alternative, an order enjoining Plaintiff/Counterclaim Defendant from using the rules and regulations in any manner.

# FOR A FIFTH DEFENSE
# AND BY WAY OF SECOND COUNTERCLAIM
### (Quantum Meruit/Quasi Contract)

45. The preceding responses, not inconsistent herewith, are incorporated by reference as if fully set forth herein.

46. Upon information and belief, Plaintiff/Counterclaim Defendant has made and/or is making complete copies of the entire set of rules and regulations without entering into a subscription agreement with Lawriter, in violation of the terms and conditions of the Georgia Secretary of State website.

47. By making copies of the rules and regulations without entering into a subscription agreement and/or compensating Lawriter for such use, Lawriter conferred a benefit upon Plaintiff/Counterclaim Defendant for which Lawriter is entitled to be compensated.

48. At the time Lawriter furnished the rules and regulations to Plaintiff/Counterclaim Defendant in an electronic format and Plaintiff/Counterclaim Defendant's utilized this for its own benefit and commercial purposes, Lawriter reasonably expected to be paid therefor and Plaintiff/Counterclaim Defendant voluntarily and knowingly accepted the benefit of the rules and regulations with full knowledge and reason to know that Lawriter expected to be paid therefor.

49. If Lawriter is not compensated for the reasonable value of the services as alleged herein, then Plaintiff/Counterclaim Defendant will be unjustly enriched.

50. As a result of the foregoing, Plaintiff/Counterclaim Defendant is liable to Lawriter in quantum meruit for the reasonable value of the services for which Plaintiff has not been paid, together with interest, costs and disbursements, and attorneys' fees as may be allowed or, in the alternative, an order enjoining Plaintiff/Counterclaim Defendant from using the rules and regulations in any manner.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Fastcase, Inc., the Defendant, Lawriter, LLC dba Casemaker, demands:

(1)  that the Complaint of the Plaintiff be dismissed with prejudice;

(2)  for costs, expenses and fees associated with this action;

(3)  for judgment on its counterclaim, in an amount to be determined by the trier of fact; and,

(4)  for such other and further relief that this Court deems just and proper.

Respectfully submitted, this the 23rd day of March, 2016.

[*signature block on following page*]

SMITH MOORE LEATHERWOOD, LLP

By: s/ Kurt M. Rozelsky
Kurt M. Rozelsky (Bar No. 617932)
Joseph W. Rohe (Bar No. 727154)
2 West Washington Street, Suite 1100
P.O. Box 87, Greenville, SC 29602
Telephone: (864) 751-7600
Facsimile: (864) 751-7800
kurt.rozelsky@smithmoorelaw.com
joseph.rohe@smithmoorelaw.com
*Attorneys for Defendant*

March 23, 2016