**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**C.A. NO. 1:16-CV-00327-TCB**

| | |
|---|---|
| FASTCASE, INC., )<br>)<br>PLAINTIFF/COUNTERCLAIM )<br>DEFENDANT, )<br>)<br>vs. )<br>)<br>LAWRITER, LLC d/b/a Casemaker, )<br>)<br>DEFENDANT/ )<br>COUNTERCLAIM PLAINTIFF. )<br>_____ ) | **AMENDED ANSWER TO AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM** |

Defendant, Lawriter, LLC d/b/a Casemaker, amending its answer filed March 23, 2016, to the Amended Complaint of Plaintiff, Fastcase, Inc., and asserting a counterclaim, as a matter of course, pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, would respectfully show unto the Court as follows:

### FOR A FIRST DEFENSE

1. Each and every allegation not expressly admitted is denied.

2. Defendant admits so much of Paragraph 1 as alleges this is a declaratory judgment action seeking relief, including enjoining Defendant from acting to impede Plaintiff's publication for Plaintiff's commercial purposes of

certain administrative rules, regulations and other state law or federal law, rules or regulations. Defendant admits that Georgia Regulations are binding law and are promulgated by public agencies of the State of Georgia published for the benefit of the public by the Georgia Secretary of State, but denies that Defendant is improperly attempting to impede Plaintiff's publication of said rules and regulations.

3. In response to Paragraph 2, Defendant denies that it purports to have exclusive rights to publish the Georgia Regulations, but admits that it sent Plaintiff a demand that it remove from Plaintiff's site and/or subscription services the Georgia Regulations as improperly downloaded electronic files and data. Defendant does not claim a copyright in the merely statutory text and numbering contained in the content of the site.

4. Defendant admits the allegations of Paragraph 3 of the Amended Complaint and denies that it claimed and/or claims an exclusive right to public law, but affirmatively states that it has the exclusive right to control commercial access to the Georgia Regulations as compiled and made available on-line by Defendant.

5. Paragraph 4 of Plaintiff's Amended Complaint does not require a response by this Defendant; however, to the extent a response is required, the allegations are denied.

6. Defendant denies the allegations of Paragraph 5 of Plaintiff's Amended Complaint, but affirmatively states that Defendant does not claim a copyright in the statutory text and numbering contained in the content of the site.

7. In response to Paragraph 6 of Plaintiff's Amended Complaint, Defendant denies that it claims an exclusive right to publish other states' laws, rules and regulations, but reserves its legal and equitable rights in electronic files it creates and maintains, including without limitation, the right to claim copyright in any copyrightable materials, electronic files, data, source code and/or anything in addition to the statutory text and numbering in the content of the site(s). Further, Defendant asserts that Plaintiff seeks an advisory opinion as to any state other than Georgia as there exists no justiciable controversy for this Court to consider.

8. The allegations of Paragraph 7 of Plaintiff's Amended Complaint are admitted upon information and belief.

9. Defendant admits the allegations of Paragraph 8 of Plaintiff's Amended Complaint.

10. Defendant denies the allegations of Paragraph 9 of Plaintiff's Amended Complaint inasmuch as Defendant is not claiming copyright protection on merely statutory text and numbering in the content of any site(s).

11. Defendant denies the allegations of Paragraph 10 of Plaintiff's Amended Complaint as Plaintiff has improperly aggregated hypothetical values in order to improperly allege the amount in controversy.

12. Defendant admits that this Court has personal jurisdiction, but denies the remaining allegations of Paragraph 11 of Plaintiff's Amended Complaint inasmuch as Defendant did more than merely "publish" the Georgia Regulations.

13. To the extent that this Court has subject matter jurisdiction over the matter, then Defendant admits the allegations of Paragraphs 12 and 13 of Plaintiff's Complaint.

14. Defendant admits the allegations of Paragraphs 14 and 15 of Plaintiff's Amended Complaint upon information and belief.

15. Defendant admits the allegations of Paragraph 16 of Plaintiff's Amended Complaint.

16. Defendant denies the allegations of Paragraph 17 of Plaintiff's Amended Complaint as alleged.

17. Defendant admits the allegations of Paragraph 18 as pled, but affirmatively states that the website has been modified to render moot these allegations as the terms and conditions, attached hereto as Exhibit A, have been posted to the website since April 7, 2016.

18. Defendant admits the allegations of Paragraphs 19, 20 and 21.

19. In response to Paragraph 22 of Plaintiff's Amended Complaint, Defendant denies that is sources its Georgia research materials from any website hosted by private publishers and is without sufficient information to admit or deny the otherwise vague allegations of Paragraph 22 and demands strict proof thereof.

20. Defendant denies the allegations of Paragraph 23 of Plaintiff's Amended Complaint as alleged.

21. Defendant admits the allegations of Paragraph 24 of Plaintiff's Amended Complaint.

22. Defendant denies the allegations of Paragraph 25 of Plaintiff's Amended Complaint as alleged.

23. In response to the allegations of Paragraph 26 of Plaintiff's Amended Complaint, Defendant admits that a letter reserving all rights, including litigation, was sent to Plaintiff on or about December 21, 2015; however, Defendant does not intend to commence, institute and/or file any litigation regarding any use of the Electronic Files by Plaintiff prior to April 7, 2016.

24. Paragraph 27 of Plaintiff's Amended Complaint does not require a response by this Defendant; however, to the extent a response is required, the allegations are denied.

25. In response to Paragraph 28 of Plaintiff's Amended Complaint, Defendant admits that it has asserted entitlement to certain exclusivity rights with

respect to the Georgia Regulations, in particular the Electronic Files, and had demanded that Plaintiff comply with this assertion of exclusive rights, but denies the remaining allegations of Paragraph 28 of Plaintiff's Amended Complaint and demands strict proof thereof.

26. Defendant denies the allegations of Paragraph 29 of Plaintiff's Amended Complaint.

27. In response to Paragraph 30 of Plaintiff's Amended Complaint, Defendant admits that it does not have and has not asserted entitlement to copyright protection of the merely statutory text and numbering in any site(s), but maintains certain exclusivity rights with respect to electronic files, data, and/or other copyrightable materials on the site(s).

28. Defendant admits the allegations of Paragraph 31 of Plaintiff's Amended Complaint.

29. In response to Paragraph 32 of Plaintiff's Amended Complaint, Defendant admits that it did not contribute any original authorship to the text of any regulation of the State of Georgia or the numbering thereof. Defendant denies the remaining allegations of Paragraph 32 of Plaintiff's Amended Complaint.

30. In response to Paragraph 33 of Plaintiff's Amended Complaint, Defendant admits that it is not seeking to enforce its contract with the State of

Georgia against Plaintiff, but denies the remaining allegations of Paragraph 33 of Plaintiff's Amended Complaint.

31. Defendant denies the allegations of Paragraphs 34, 35, 36, 37 and 38 and Prayer for Relief of Plaintiff's Amended Complaint and demands strict proof thereof.

### FOR A SECOND DEFENSE
### (Lack of Subject Matter Jurisdiction- FRCP 12(b)(1))

32. The preceding responses, not inconsistent herewith, are incorporated by reference as if fully set forth herein.

33. The Complaint of the Plaintiff should be dismissed for failure to properly assert subject matter jurisdiction.

34. Defendant does not present a claim for copyright infringement against Plaintiff; Defendant's claims arise under state law. Thus this matter does not arise under the Copyright Act.

35. Further, Plaintiff has failed to adequately plead diversity jurisdiction inasmuch as it improperly amalgamates damages in a failed attempt to reach the required amount in controversy.

### FOR A THIRD DEFENSE
### (Failure to State of Claim - FRCP 12(b)(6))

36. The preceding responses, not inconsistent herewith, are incorporated by reference as if fully set forth herein.

37. The Complaint of the Plaintiff should be dismissed for failure to state facts sufficient to constitute a cause of action.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Fastcase, Inc., the Defendant, Lawriter, LLC dba Casemaker, demands:

(1)     that the Complaint of the Plaintiff be dismissed with prejudice;

(2)     for costs, expenses and fees associated with this action; and,

(4)     for such other and further relief that this Court deems just and proper.

Respectfully submitted, this the 12th day of April, 2016.

                              SMITH MOORE LEATHERWOOD, LLP

                              By:  s/ Kurt M. Rozelsky
                              Kurt M. Rozelsky (Bar No. 617932)
                              Joseph W. Rohe (Bar No. 727154)
                              2 West Washington Street, Suite 1100
                              P.O. Box 87, Greenville, SC 29602
                              Telephone: (864) 751-7600
                              Facsimile: (864) 751-7800
                              kurt.rozelsky@smithmoorelaw.com
                              joseph.rohe@smithmoorelaw.com
                              *Attorneys for Defendant*

April 12, 2016