THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FASTCASE, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case 1:16-cv-00327-TCB |
| LAWRITER LLC, dba CASEMAKER, | ) DECLARATION OF |
| | ) EDWARD J. WALTERS |
| Defendant. | ) IN SUPPORT OF MOTION |
| | ) FOR SUMMARY JUDGMENT |

I, **EDWARD J. WALTERS**, declare:

1. I am the Chief Executive Officer of Plaintiff Fastcase, Inc. I make this Declaration in support of Fastcase's motion for summary judgment on the basis of my own personal knowledge of Fastcase and of the business environment in which it operates.

2. Fastcase is a legal research service that provides online access to searchable databases of public law, including federal and state statutes, administrative rules and regulations such as the Georgia Administrative Rules and Regulations, and judicial decisions, as well as to secondary sources in many states.

3. Fastcase is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in Washington,

1

District of Columbia.

4. Fastcase brought this action for declaratory relief to protect itself against Defendant Lawriter's threat to sue Fastcase for its publication of the Georgia Administrative Rules and Regulations.

5. Fastcase is available by subscription to lawyers and law firms, and is also made available for free to members of state bar associations such as the State Bar of Georgia as a benefit of membership in the bar.

6. Lawriter is a legal research service that similarly offers searchable access to cases, statutes, and other primary law materials operating under the name Casemaker.

7. When this dispute arose, Lawriter represented that it was "the designated publisher of the Georgia Rules and Regulations and Monthly Bulletins and granted sole rights to the distribution of this data." A true and correct printout of http://rules.sos.ga.gov, as it was in early February 2016, is attached to the Amended Complaint as Doc. 4-1.

8. Lawriter acknowledges that "[t]he Rules and Regulations of the State of Georgia is a compilation of the rules and regulations of state agencies that have been filed with the Office of the Secretary of State pursuant to the Georgia Administrative Procedures Act, O.C.G.A.§ 50-13-1 *et seq.*" A true and correct

printout of http://gasos.casemakerlibra.com/home/index.aspx, as it was in early February 2016, is attached to the Amended Complaint as Doc. 4-2.

9. On December 21, 2015, Fastcase received from Lawriter a letter asserting that: (a) Lawriter is the sole "party authorized to license and/or offer subscriptions to use . . . Electronic Files . . . incorporating the [Georgia Regulations]," and (b) Fastcase's provision of fee-based access to Georgia Regulations, without Lawriter's consent or authorization or a subscription with Lawriter, violates Lawriter's "legal rights." A true and correct copy of Lawriter's December 21, 2015, Letter is attached to the Amended Complaint as Doc. 4-3.

10. The letter threatened enforcement, including through the commencement of litigation, of Lawriter's unspecified "rights," unless Fastcase: (a) immediately provided Lawriter a written response justifying its right to use Georgia Regulations, (b) purchased from Lawriter a subscription to Georgia Regulations, or (c) ceased use of Georgia Regulations, including provision of fee-based access to Georgia Regulations. *See* Doc. 4-3.

11. Fastcase brought this action for a declaration of its rights to use and republish the Georgia Regulations without restriction or threat of suit.

12. Lawriter counterclaimed for unjust enrichment and *quantum meruit* (Doc. 13) but then amended its Answer (Doc. 14) to withdraw all counterclaims.

At about the same time that Lawriter withdrew its counterclaims, the page of the Georgia Secretary of State's web site providing access to Georgia Rules and Regulations, http://rules.sos.ga.gov, was changed. A true and correct printout of the revised page was attached to Lawriter's Amended Answer as Doc. 14-1.

13. Instead of providing direct access to the Georgia Regulations, the web site now announces that "certain features of this site have been disabled for the general public to prevent digital piracy." *See* Doc. 14-1.

14. Where the Secretary of State formerly had offered the services of Lawriter to provide research and printed copies of regulatory materials for stated fees, its website now says:

> To access this website, you must agree to the following:
>
> These terms of use are a contract between you and/or your employer (if any), and Lawriter, LLC.
>
> You agree that you will not copy, print, or download anything from this website other than for your personal use.
>
> You agree not to use any web crawler, scraper, or other robot or automated program or device to obtain data from the website.
>
> You agree that you will not sell, will not license, and will not otherwise make available in exchange for anything of value, anything that you download, print, or copy from this site.

*See* Doc. 14-1.

15. Even while Lawriter "denies that it purports to have exclusive rights

to publish the Georgia Regulations," it "affirmatively states that it has the exclusive right to control commercial access to the Georgia Regulations as compiled and made available on-line by Defendant." *See* Doc. 14 at 2, ¶¶ 3, 4.

16. Lawriter also claims "legal and equitable rights in electronic files it creates and maintains" relating to the laws, rules and regulations of other States. *See* Doc. 14 at 3, ¶ 7.

17. As Fastcase updates its collection of the Georgia Regulations from the Georgia Secretary of State website, these purported license terms attempt to exclude Fastcase and any other commercial user of the Georgia Regulations, including lawyers engaged in the representation of clients.

18. Therefore, although Lawriter has withdrawn its original counterclaims, it continues to re-assert the substance of the withdrawn claims and has attempted to create for itself even greater exclusive ownership rights in the Georgia Regulations.

19. As a result, Fastcase is under a perpetual and imminent threat of litigation and commercial harm from Lawriter's claim of rights it does not and cannot have.

I declare under penalty of perjury under the laws of the United States of America that the facts stated in this Declaration are true, correct, and within my

own personal knowledge.

Executed this 12th day of May, 2016, at Washington, D.C.

_____
EDWARD J. WALTERS