# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

### C.A. NO. 1:16-CV-00327-TCB

| | | |
|---|---|---|
| FASTCASE, INC., | ) | |
| | ) | |
| PLAINTIFF, | ) | **DEFENDANT LAWRITER, LLC'S** |
| | ) | **RESPONSE TO PLAINTIFF'S** |
| vs. | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT** |
| LAWRITER, LLC d/b/a Casemaker, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Defendant, Lawriter, LLC d/b/a Casemaker ("Lawriter"), submits the following Memorandum of Law and Facts in response to Plaintiff's Motion for Summary Judgment. (Doc. 17).

## SUMMARY OF ARGUMENT

Plaintiff's Complaint, as amended on February 16, 2016, seeks a declaratory judgment that Plaintiff is not liable for copying certain materials from a website found at http://rules.sos.ga.gov/ (the "Website") and operated by Lawriter. Plaintiff's Motion for Summary Judgment should be denied for no fewer than four reasons. First, this court lacks subject matter jurisdiction over this matter. This court lacks because Lawriter has not registered a copyright in any of the files or data at issue in this case, Plaintiff's Complaint presents no federal question under copyright law and

there is no diversity jurisdiction because the amount in controversy does not exceed $75,000. Second, this case no longer presents a justiciable case or controversy because Lawriter has dismissed its counterclaims and has given Plaintiff a covenant not to sue with respect to any demands and claims that Lawriter made or might have made based on Plaintiff's conduct that is at issue in this matter.  As a result, under the voluntary-cessation doctrine, Plaintiff's claims are moot. Third, as to Plaintiff's claim for declaratory judgment related to Plaintiff's copying of materials from the Website prior to April 7, 2016, summary judgment should be denied based on disputes as to material fact, as well as the need for discovery as to certain material facts of which knowledge is in the possession of Plaintiff.  Fourth, as to any aspect of Plaintiff's claim based on activities occurring after April 7, 2016, Plaintiff has not pleaded any facts supporting such a claim. On that date, Lawriter altered the Website to require users to agree to express terms of use ("Terms of Use"). As a result, Lawriter anticipates that, if Plaintiff were allowed to amend or supplement its Complaint to state a claim based on the period after April 7, 2016, Lawriter would present a claim for breach of contract that would not be preempted by the Copyright Act, along with a claim for copyright infringement, depending on whether Plaintiff copied any materials authored by Lawriter.  For the reasons set for the herein, Plaintiff's Motion for Summary Judgment should be denied.

## STATEMENT OF UNDISPUTED FACTS

Lawriter, LLC d/b/a Casemaker and Plaintiff are competitors in the on-line, legal research subscription business.  Decl. of Walters, ¶ 2. Each provides online searchable databases of public law in one or more states and federal jurisdictions. Id. at ¶¶ 5-6.

With regard to Georgia, Lawriter has entered into a contract with the State of Georgia to publish the Georgia Rules and Regulations and Monthly Bulletins. Doc. 4-2. Although previously Lawriter represented on the Georgia Secretary of State website link that it was the "designated publisher" of said Rules and Regulations, since April 7, 2016, the website link has no longer used such language. Doc. 14-1; see also Affidavit of David Harriman ("Harriman Aff."), attached hereto as **Exhibit 1**.

In December 2015, Lawriter wrote a cease and desist letter to Plaintiff seeking to stop Plaintiff's unauthorized use of "Electronic Files … incorporating the [Georgia Regulations] without Lawriter's consent. Doc. 4-3. Thereafter, Lawriter informed Plaintiff that it "does not intend to commence, institute and/or file any litigation regarding any use of the Electronic Files by Plaintiff prior to April 7, 2016." Doc. 14, ¶ 23. Lawriter currently has no counterclaims asserted against Plaintiff. Id. at ¶¶ 1-37.

On or about April 7, 2016, Lawriter modified its website link to the Georgia Rules and Regulations to require users to enter a private contract to obtain access to these materials obtained and posted by Lawriter. Doc. 14-1; see also Harriman Aff. at 4, ¶9, Exhibit B.

## STANDARD FOR SUMMARY JUDGMENT

A court may only grant summary judgment when there is "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). In order to determine if a genuine dispute exists, the court must construe the facts in "the light most favorable" to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007); Johnson v. Clifton, 74 F.3d 1087, 1091 (11th Cir. 1996).  The moving party has the burden of proving that, even with the facts construed in favor of the non-movant, the preponderance of the evidence indicates that the moving party should win as a matter of law. Scott, 550 U.S. at 378. Thus, the court should grant a motion for summary judgment only when the record as a whole leads to the situation where no reasonable jury could decide against the moving party based on the law. See id. at 380 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

**ARGUMENT**

**I.     Plaintiff's Motion for Summary Judgment should be Denied because this Court has neither Federal Question nor Diversity Jurisdiction**.

Plaintiff's Motion for Summary Judgment should be denied because this court lacks subject-matter jurisdiction over the case.  A lack of subject-matter jurisdiction may be raised and considered by the Court at any time.

*A.     Federal Question Jurisdiction*

The Declaratory Judgment Act is solely procedural in operation and does not confer jurisdiction onto the federal courts. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).   Therefore, the court must have independent jurisdictional grounds to hear the case. See id. In a declaratory judgment action, "the normal position of the parties is reversed," and, therefore, courts look to the underlying anticipated action instead of the face of the declaratory judgment complaint when determining whether or not a federal question exists. Stuart Weltzman, LLC v. Microcomputer Res., Inc., 542 F.3d 859, 862 (11th Cir. 2008). Therefore, the court "must analyze the assumed coercive action by the declaratory judgment defendant" that could have taken place absent the declaratory judgment action. Id. (internal citations omitted).

Although the Plaintiff claims copyright preemption, the Eleventh Circuit has clearly held that there cannot be federal question jurisdiction if there is not an

actual copyright registration, and that case is controlling in this matter. Id. at 863. "[F]ederal courts are without jurisdiction to hear infringement claims unless the disputed copyright has been registered." Id. at 867.  Lawriter does not have a copyright registration for the HTML Electronic Files or for the regulations of the State of Georgia.  Therefore, under the law of the Eleventh Circuit, Plaintiff's claim of preemption does not give rise to federal-question jurisdiction.

B.      *Diversity Jurisdiction.*

This Court lacks diversity jurisdiction because Plaintiff has not demonstrated damages in this case would reach the jurisdictional threshold of exceeding $75,000.  See  28 U.S.C. § 1332; St. Paul Mercury Indemnity v. Red Cab Co., 303 U.S. 283, 289 (1938) (stating that while ordinarily the sum claimed by plaintiff in good faith will be accepted as the amount in controversy, when there is "legal certainty that the claim is really for less than the jurisdictional amount," the case must be dismissed).  Plaintiff's method for reaching this threshold is to argue that the damages impact "not the price of a single subscription, but the entire value of the aspect of the business."  Doc. 17.  However, if Plaintiff were precluded from copying the materials at issue in this case from the Website, Plaintiff would only be required to hire an individual to create its own electronic version of the Georgia statutes and regulations.  Lawriter's contract with the Georgia Secretary of State is for payment of $20,000 per year.  Harriman Aff. at 1, ¶4, Ex. A.  Given this, there

is a legal certainty that Plaintiff's damages would not reach the jurisdictional threshold of over $75,000; therefore there cannot be diversity jurisdiction.

**II.  Plaintiff's Motion for Summary Judgment should be denied because the Cause of Action stated in Plaintiff's Amended Complaint is moot.**

As explained above, Plaintiff's claims relate to a prior version of the Website, used until April 7, 2016, that did not require a user to enter a contract to access the website by consenting to the "Terms of Use".  Lawriter has <u>withdrawn its counterclaims</u> that were based on Plaintiff's copying from the pre-April 7, 2016 version of the website and has provided a Covenant Not to Sue to Plaintiff. Harriman Aff. at 4, ¶¶9-10. Therefore, the controversy that arose under the former version of the Website prior to April 7, and that is the subject of Plaintiff's Amended Complaint filed February 16, 2016, is now moot.

Plaintiff argues that a case or controversy must exist at the time of filing and argues that subsequent actions cannot deprive the court of its subject-matter jurisdiction, citing <u>GTE Directories Publ'g Corp. v. Trimen Am., Inc.</u>, 67 F.3d, 1563 (11th Cir. 1995).  However, contrary to Plaintiff's argument, <u>GTE Directories</u> does not state or imply that, because a case or controversy exists at the time of filing, the case or controversy cannot be rendered moot by subsequent events. Indeed, the fact that subsequent actions ***can*** deprive the court of subject-matter jurisdiction is the very definition of the mootness doctrine – a doctrine not

addressed in <u>GTE Directories</u> but well established in the jurisprudence.  <u>See</u> <u>Already, LLC v. Nike, Inc.</u>, 133 S.Ct. 721, 727, 184 L.Ed 2d 553 (2013).

At issue in this case is whether a declaratory judgment action can be rendered moot upon a defendant's agreement it will not pursue any counterclaims and the amendment of its filings to reflect such agreement.  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982). The voluntary-cessation doctrine recognizes that a controversy becomes moot when the defendant voluntarily ceases the actions that gave rise to the controversy. <u>See</u> <u>Already, LLC v. Nike, Inc.</u>, 133 S.Ct. 721, 727, 184 L.Ed 2d 553 (2013).  In order to employ this doctrine, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." <u>Friends of</u> <u>the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.</u>, 528 U.S. 167, 190 (2000).   In this case, Plaintiff complains that Lawriter's wrongful conduct is demanding that Plaintiff cease the distribution of materials copied from the website prior to February 16, 2016, the date of Plaintiff's most recent amendment of its Complaint.  Lawriter has met this burden through its voluntary abandonment of its counterclaims and providing Plaintiff a Covenant Not to Sue that releases Plaintiff, any of its related business entities, and its customers from all claims "of any sort

on account of, or in any way growing out of" the facts alleged in Plaintiff's

Amended Complaint—namely, claims for "any copying, distribution, or use of

materials obtained through the Website prior to April 7, 2016, or with respect to

any copying, distribution, or use at any time of the text or numbering of the

regulations of the State of Georgia."  Harriman Aff. at 4, ¶9. Further, Lawriter's

Covenant Not to Sue obligates Lawriter not to make any demands or bring any

lawsuits against Plaintiff based on these same claims. *Id.* As a result, under

Already, LLC v. Nike, Inc., supra, Plaintiff's claims are moot.

## III.   There Remain Disputes of Material Fact and Additional Discovery is Needed Regarding Plaintiff's claim for Declaratory Judgment Related to pre- April 7, 2016 Copying from Lawriter's website.

Lawriter agrees with Plaintiff that public law must remain public as a matter

of due process. Plaintiff goes to great lengths to describe how the statutes and

regulations adopted as law are not subject to copyright, and Lawriter does not

dispute this contention. However, Plaintiff concedes that the rule that the public

laws are not subject to copyright applies only to the text and numbering of the

laws.  Doc. 17-1 at p. 9.

The material facts that remain in dispute here are the precise materials that

Plaintiff copied from the Website.  Plaintiff seeks a declaratory judgment that its

copying incurs no liability because what Plaintiff says it copied was public law.

Lawriter disputes Plaintiff's assertion that what is posted on the Website is merely

the text and numbering of regulations adopted by the State of Georgia.  To the contrary, the Website includes additional copyrighted material necessary to incorporate the statutory text and numbering into HyperText Markup Language ("HTML") that is displayable in a user's web browser.

Summary judgment is appropriate only if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c).  A court must "view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." Carter v. City of Melbourne, Fla., 731 F.3d 1161, 1166 (11th Cir. 2013) (internal quotations omitted).

Plaintiff has failed to establish exactly what it copied from the Website, how the copying was accomplished, and when it was accomplished.  In this case, the "how" of the copyright affects the "what." For example, Plaintiff may have downloaded copies of documents from the Website, or it may have copied the regulations by some other method, such as photography or digital imaging.  This knowledge is in the hands of Plaintiff because, prior to April 7, 2016, the website did not require users to identify themselves.  Harriman Aff. at 3,  ¶7.  Plaintiff has not identified the materials it copied and whether it only copied materials that were not authored by Lawriter and to which Lawriter has no claim. Lawriter believes Plaintiff copied materials beyond the statutory text and numbering, and this fact

remains in dispute.  Doc. 14.  Therefore, Plaintiff has not demonstrated that no material facts are in dispute, and Plaintiff's Motion for Summary Judgement should be denied. Alternatively, discovery is necessary in order to learn whether Plaintiff's copying was limited to regulatory text and numbering or includes other material found on the same pages of the website and protected by copyrights owned by Lawriter.  F.R.C.P. Rule 56(d).

**IV.    Plaintiff's Claim is Not Supported by the Allegations of its Amended Complaint as to any Activity after the Terms of Use were added to the Website.**

To the extent that Plaintiff seeks summary judgment based on activities occurring after April 7, 2016, Plaintiff has not pleaded any facts supporting such a claim.  Plaintiff has not amended its Complaint since February 16, 2016. Plaintiff's Amended Complaint does not make any allegations about the Terms of Use agreement required of persons accessing the Website since April 7, 2016.  As a result, Plaintiff has not pleaded a case or controversy based upon facts arising from under the post-April 7, 2016 version of the website.

If Plaintiff were to be permitted to amend its Amended Complaint to allege that it has or wished to copy materials from the Website in violation of the Terms of Use, then Lawriter would be in a position to plead in response to those facts. Despite the lack of a pleaded case or controversy with respect to April 7, 2016 and afterward, Lawriter will briefly address Plaintiff's position that any claim that

Lawriter might have under the Terms of Use is preempted by the Copyright Act. Such a claim by Lawriter, which would sound in breach of contract, is not preempted because such a claim requires an additional element—consent to the Terms of Use on the Website—beyond the elements of a claim for copyright infringement.

On April 7, 2016, Lawriter began requiring persons accessing the Website to consent to an express contract entitled "Terms of Use."  Harriman Aff. at 4,  ¶9, Ex. B.  "An express contract is one where the intention of the parties and the terms of the agreement are declared or expressed by the parties, in writing or orally, at the time it is entered into." Davidson v. Maraj, 609 Fed. Appx. 994, 998 (11th Cir. 2015) (citing Thomas v. Lomax, 61 S.E.2d 790, 791 (Ga. Ct. App. 1950)). Beginning April 7, 2016, Lawriter included express terms and conditions to which a user must express consent before accessing the Website. Doc. 14-1; Harriman Aff. at 4, ¶9, Ex. B. In exchange for access to the Website, and before obtaining access to the Website, the user agrees to an express contract not to copy certain information and to restrict certain potential uses of any information obtained through the website.  Harriman Aff. at 4, ¶9, Ex. B.  With respect to copying or other use of the text and numbering of the Georgia regulations, Lawriter claims only that persons accepting the Terms of Use and subsequently breaching them are liable to Lawriter.  Harriman Aff. at 4, ¶9, Ex. B.  Lawriter does not claim

copyright in the Georgia regulations and specifically does not claim that persons

copying those regulations are liable to Lawriter based on the fact of copying alone.

Instead, Lawriter, in exchange for the opportunity to easily view the regulations via

the Website, requires the user to accept the Terms of Use Contract, thus, giving

Lawriter the user's enforceable agreement as a basis to limit the use of the

regulations as made available by Lawriter in electronic form.  *Id.*. A cause of

action for breach of the Terms of Use Contract cannot arise absent the user's

consent to the contract, and a breach of contract is a basic state law claim not

preempted by Copyright law. Furthermore, Lawriter's Terms of Use do not purport

to prohibit or restrict any copies of the Georgia regulations, other than those

obtained from the Website maintained and published by Lawriter.

As recognized by the Eleventh Circuit Court of Appeals, a state law claim is

not preempted by the federal Copyright Act "if an extra element is required instead

of or in addition to the acts of reproduction, performance, distribution or display, in

order to constitute a state-created case of action, then the right does not lie within

the general scope of copyright and there is no preemption." Lipscher v. LRP

Publications, 266 F.3d 1305, 1311-12 (11th Cir. 2001) (internal citations omitted);

see also Telecomm Technical Servs., Inc. v. Siemens Rolm Commc'ns, Inc., 66 F.

Supp. 2d 1306, 1326 (N.D. Ga. 1998) ("The contractual restrictions on use of the

programs constitutes an extra element that makes this cause of action qualitatively

different from one for copyright.") (internal citations omitted). A breach of contract claim requires more than simple reproduction or distribution—it requires there to be a contract between the parties. See *Nimmer on Copyright* § 19D.03[C][2][a] ("As a general rule, contract claims require proof of a significant 'extra element': the existence of an actual agreement between the plaintiff and defendant….").

In fact, the Eleventh Circuit has held that a breach of contract claim is not equivalent to an action founded on copyright. Id. at 1318-19. Thus, Lawriter's claim for breach of contract does not create rights that are equivalent to copyright, and a claim by Lawriter for breach of the Terms of use would not be preempted.[1]

Moreover, even if this Court finds there is not an "extra element" in a breach of contract claim, there is an exception to the rule of preemption that allows an individual to bring a state law claim where the claim is based on actions more than is just republication. In National Basketball Ass'n v. Motorola, Inc., 105 F.3d 841 (2d Cir. 1997), the Second Circuit refused to apply the preemption rule where the alleged misappropriation constituted a free ride on the work of others. The court held the elements central to such a claim are whether: (1) the plaintiff generates or

---

[1] As noted above, Plaintiff has not pleaded or proved that it took or plans to take any materials from the website at issue in breach of the Terms of Use (as added to the website on April 7, 2016), so there is no case or controversy with respect to those Terms of Use.

collects information, at some cost or expense, (2) the value of the information is highly time sensitive, (3) the defendant's use of the information constitutes free-riding on the plaintiff's costly efforts to generate or collect it, (4) the defendant's use of the information is in direct competition with a product or service offered by the plaintiff, and (5) the ability of other parties to free-ride on the efforts of the plaintiff would so reduce the plaintiff's incentive to produce the product that its existence or quality would be substantially threatened.  Id. at 845; see also International News Serv. v. Associated Press, 248 U.S. 215 (1918).

As in these "free ride" cases, Plaintiff seeks to directly compete with Lawriter through its misappropriation of HTML Electronic Files. Lawriter does not contend that Plaintiff is prohibited from copying the Georgia Rules and Regulations, just that Plaintiff cannot be allowed to take a "free ride" on Lawriter's efforts in coding the information into a searchable database.  A breach of contract claim is a state law claim similar to a state law misappropriation action, thus this claim is not preempted under federal copyright law.

## CONCLUSION

Plaintiff's Motion for Summary Judgment should be denied because this Court does not have subject-matter jurisdiction based on either diversity jurisdiction or federal question jurisdiction. Moreover, Plaintiff's claims present no case or controversy because Plaintiff's allegations have been rendered moot by

Lawriter's abandonment of its counterclaims and agreement to not pursue any claims arising prior to April 7, 2016. Even if there is a finding of case or controversy, there are numerous material facts at issue, specifically regarding what material was copied by Plaintiff.  Finally, Plaintiff's Motion fails, since a breach of contract, if subsequently alleged, would not be  preempted by the Copyright Act.

For these reasons, Lawriter respectfully submits that summary judgment is inappropriate and requests the Court deny Plaintiff's Motion.

Respectfully submitted this the 9th day of June, 2016.

SMITH MOORE LEATHERWOOD, LLP

By:  s/ Kurt M. Rozelsky
Kurt M. Rozelsky (Bar No. 617932)
Joseph W. Rohe (Bar No. 727154)
2 West Washington Street, Suite 1100
P.O. Box 87, Greenville, SC 29602
Telephone: (864) 751-7600
Facsimile: (864) 751-7800
kurt.rozelsky@smithmoorelaw.com
joseph.rohe@smithmoorelaw.com
*Attorneys for Defendant Lawriter, LLC*