IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FASTCASE, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAWRITER, LLC, doing business as Casemaker, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NUMBER 1:16-cv-327-TCB |

## **O R D E R**

Plaintiff Fastcase, Inc. filed this lawsuit seeking declaratory and injunctive relief against Defendant Lawriter, LLC, which raised as a defense lack of subject-matter jurisdiction. In briefing relating to Fastcase's motion for summary judgment [17], the parties dispute whether subject-matter jurisdiction exists: Fastcase contends that both diversity and federal-question jurisdiction exist, while Lawriter contends that neither basis of jurisdiction exists.

Without expressing any opinion as to the merits of any argument(s) raised by the parties, the Court has determined that it lacks the information necessary to determine whether diversity

jurisdiction exists. Although Fastcase alleges (and Lawriter admits) that "[o]n information and belief, [Lawriter] is a citizen of Virginia for purposes of assessing diversity jurisdiction," [4] at ¶ 8, the citizenship of a party is a legal conclusion, and the record in this case contains neither evidence nor specific factual averments regarding the identity or state(s) of citizenship of any of the members of Lawriter, LLC. *See generally Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (holding that a limited liability company is deemed to be a citizen of any state in which any member is a citizen and that such citizenship must be specifically alleged by the party invoking federal jurisdiction); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("[I]f a complaint's *factual allegations* do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.") (emphasis added).

Accordingly, the Court directs Lawriter to file, by December 1, 2016, a declaration of one of its members that identifies the state(s) of citizenship of each of Lawriter's members. Once that jurisdictional

declaration is filed, the Court will take the motion for summary judgment under advisement.

IT IS SO ORDERED this 17th day of November, 2016.

                                         Timothy C. Batten, Sr.
                                         United States District Judge